AO 106 (Rev. 04/10) Application for a Search Warrant

United States District Court
Southern District of Texas
FILED
OCT 1 0 2018
David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

▬▬▬▬▬▬▬▬▬
Brownsville, Texas 78521

Case No. B-18-954-MJ

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Light brown and white in color brick, two story residential structure surrounded by a cinder block fence.
See attachment "C"

located in the _____Southern_____ District of _____Texas_____, there is now concealed *(identify the person or describe the property to be seized)*:

See attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 USC 1324 | Knowing or in reckless disregard of the fact that aliens had come to, entered, or remained in the United States in violation of law, conceal, harbor, or shield from detection, such aliens in any place, including any building within the United States. |

The application is based on these facts:

See attachment "A"

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Arthur Adam Samson Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/10/2018

_____
*Judge's signature*

City and state: Brownsville, Texas

Ignacio Torteya III, United States Magistrate Judge
*Printed name and title*

United States District Court
Southern District of Texas
**FILED**

OCT 1 0 2018

## ATTACHMENT A

David J. Bradley, Clerk of Court

### AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

B-18-954-MJ

I, Arthur Adam Samson, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the search of the property described in in Attachment B, C.

2. I am a Special Agent employed by the Department of Homeland Security (DHS) Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I have been employed as a Special Agent since January 2018. I have assisted in multiple criminal investigations for multiple violations of federal and state laws including, and not limited to human smuggling, narcotics smuggling, and organized criminal activity. Prior to becoming a special agent, I was employed as a United States Border Patrol Agent. I have conducted arrests of criminal and administrative alien smuggling cases since September of 2013.

3. As an investigator for HSI, I have had extensive training in the area of immigration law and human smuggling operations. I have been involved in the interviewing of defendants and witnesses and other persons who have personal knowledge of transporting and concealing illegal immigrants, amassing, spending, converting, transporting, distribution, laundering and concealing of the proceeds of human smuggling.

4. This affidavit is made in support of an application for a search warrant to search the locations described in Attachment C, in connection with an ongoing ICE HSI investigation of alleged violations of Title 8, United States Codes (U.S.C.), Sections 1324(a)(1)(A)(iii).

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The factual information supplied in this affidavit is based upon my investigation and upon information provided to me orally and in written form by apprehended aliens/smugglers, and agents of the both Customs and Border Protection, Office of Border Patrol and Immigration and Customs Enforcement. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not set forth every fact resulting from the investigations.

### PROBABLE CAUSE

6. On October 9, 2018, an anonymous caller reported that persons he believed to be undocumented aliens were being housed at an address located at ███████ in Brownsville, Texas. On October 10, 2018, Homeland Security Investigations Special

Agents and United Stated Border Patrol Agents approached the address to request a consensual search. After knocking at the door, agents heard the movement of people inside the residence. Agents knocked several times and no one came to the door. After approximately ten minutes, agents departed the residence and a surveillance unit stay behind to monitor the residence. The surveillance unit reported two male subjects leaving the residence walking north toward Highway 281. HSI Special Agents approached the two subjects walking on the Katy Lane and identified them as Ramiro FUENTES-HILARIO and Kerlis Alonso CHILEL. Both FUENTES-HILARIO and CHILEL were determined to be undocumented aliens from Mexico illegally in the United States. Interview of the two subjects revealed they had departed the residence located on ▓▓▓▓▓▓▓▓ after agents knocked on the door. The two subjects stated they had been at the residence since Sunday (10/7/2018) and were awaiting to be smuggled into the interior of the United States. The two subjects further stated that approximately ten to twelve persons were at the residence also awaiting to be smuggled into the interior of the United States.

7. Your affiant knows that human smuggling is often a conspiratorial crime. Individuals involved in these activities often use mobile telephones to communicate with others who may act as scouts, drivers, stash house operators, and assist in the commission of the offenses. It is further known that human smugglers use vehicles to illegally transport aliens. Vehicles are known to have pocket trash, receipts, and other evidence of human smuggling. Human smugglers often keep ledgers, receipts, and notebooks, as well as multiple mobile phones. Human smugglers are known to harbor aliens in any structure on a property. The property described in Attachment C is likely to contain automobiles, structures, ledgers, receipts, mobile phones and electronic records relating to the offenses and information that can lead to the identification of co- conspirators.

### ELECTRONIC FORENSIC ANALYSIS

8. *Forensic evidence.* As further described in Attachment C, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the devices were used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the devices because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the

sequence in which they were created.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

9. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the search and seizure of the structure, automobiles, and devices consistent with this warrant. The examinations may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

## CONCLUSION

Based on the aforementioned factual information, your affiant respectfully submits that there is probable cause to constitute evidence of the commission of the crime of certain activities relating to human smuggling in violation of Title 18 United States Code § 371 (conspiracy to smuggle undocumented aliens), and Title 8 USC § 1324 (illegally transporting undocumented aliens) is now concealed within the location to be searched, described in Attachment A.

Your affiant, therefore, respectfully requests that the attached warrant be issued authorizing the

search of the property described in Attachment A, to seize and search the items described in Attachment B, which is incorporated by this reference.

Respectfully Submitted,

_____
Arthur Adam Samson
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on October 10, 2018

_____
Ignacio Torteya III
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT B

### ITEMS TO BE SEIZED

B-18-954-MJ

1. Any and all items used in alien smuggling activities (including but not limited to undocumented aliens), such as immigration documents (included but not limited to birth certificates), rosters, photos, money wire transactions (included but not limited to) receipts from Western Union, money order receipts, records, notes, ledgers, bank records, papers/documents relating to alien smuggling foreign recruitment, wireless telephones and address books, papers reflecting names, addresses, telephone numbers and/or records relating to individuals associated with alien smuggling, weapons (included but not limited to handguns and long arms), and any evidence which may have been kept from smuggled aliens who were being transported, harbored, concealed and or shielded from ICE HSI which constitutes evidence of the commission of the criminal offense for alien smuggling violations.

2. Any and all correspondence, in whatever form, pertaining to the possession, receipt or distribution of smuggled aliens, respondents and associates, including but not limited to rosters, photos, money wire transmissions and receipts from Western Union, money order receipts, records, computers and other electronic storage media, notes, ledgers, bank records, papers/documents relating to alien smuggling foreign recruitment, telephone and address books, papers reflecting names, addresses, telephone numbers and/or records relating to individuals associated with alien smuggling.

3. Any and all weapons, including but not limited to handguns, bats, and long arms, used by smugglers as tools of intimidation, to scare smuggled aliens and workers into submitting to smugglers orders while harboring, transporting and concealing those undocumented aliens from law enforcement.

4. Any and all immigration documents and records, including but not limited to United States birth certificates, Resident Alien Cards (1-551), Border Crossing Cards (1-586), 1-94 forms, passports, any and all used by smugglers to assist in the furtherance of undocumented aliens to the interior of the United States, by assuming the identity of those named on the immigration documents.

5. Any and all records evidencing occupancy and ownership of the premises known and described in attachment B, including, but not limited to, utility and telephone bills.

6. Any and all wireless telephones and wireless telephone accessories, including but not limited to wireless telephones located within the residence.

7. Safes, or other locked containers and their contents.

## Attachment "C"

The property to be searched is:

    The property is located at ████████, Brownsville, Texas 78520. The property is located near the intersection of ████████ and ████████. The house is a light brown and white brick house with white trim and a car port attached to the house. A picture of the property is below:

B-18-954-MJ

